ELAINE RUSSO *vs.* COMMISSIONER OF THE DEPARTMENT OF EMPLOYMENT
AND TRAINING. No. 94-P-1319. January 19, 1996. *Employment Security*,
Eligibility for benefits. *Administrative Law*, Regulations. *Words*, "Benefit
year."

The plaintiff seeks review of a decision of a District Court judge af-
firming a decision of the Department of Employment and Training (de-
partment) denying her extended unemployment benefits for training under
G. L. c. 151A, § 30(*c*), as amended through St. 1991, c. 9, § 2. The de-
partment claims that she is barred from such benefits by regulation, 430
Code Mass. Regs. § 9.07 (1989), which requires a claimant to begin train-
ing prior to the expiration of the "benefit year." The term "benefit year"
as defined in c. 151A, § 1(*c*), is in relevant part "the period of fifty-two
consecutive weeks beginning on the Sunday immediately preceding the
date on which an individual files a claim for benefits . . . ." We conclude
the department's definition of benefit year in § 9.07 as applied to the plain-
tiff requires expansion to include the period during which she was receiv-
ing Federal benefits.

Prior to an analysis of the statute, a brief statement of the undisputed
facts is in order. The plaintiff filed her initial claim for unemployment
benefits on October 1, 1991. She received benefits over a sixty-three week
period from October, 1991 to December, 1992: thirty weeks, the maximum
allowed under G. L. c. 151A, § 30(*a*), and thirty-three weeks under 26
U.S.C. § 3304 (a) (11) (1988 & Supp. 1994).[1] In August, 1992, she ap-
plied for admission to a six-month medical secretary course, a course qual-
ifying under § 30(*c*) for automatic approval by the department. See 430
Code Mass. Regs. § 9.05(1) (1989). Although initially informed that the
course would begin in late September, 1992, the plaintiff did not begin the
course until October 5, 1992, due to delays on the part of the course ad-
ministrators. That date was nine days after the expiration of her benefit
year, which, under the definition of § 1(*c*), ended on September 26, 1992.
Due to her failure to be in attendance in school prior to the close of the
benefit year, even though she had enrolled in the course prior to that time,
the plaintiff was disqualified by the department from receiving benefits
under § 30(*c*).

_____

[1]It appears that she received the same weekly amount during the entire
period of State and Federal benefits. See Federal-State Extended Unem-
ployment Compensation Act of 1970, Pub. L. No. 91-373, Title II, 84
Stat. 708, §§ 202(b)(2), 205(2); Emergency Unemployment Compensation
Act of 1991, Pub. L. No. 102-164, Title I, 105 Stat. 1049, § 101(d).

We turn to the relevant statute and regulatory provisions as applicable in 1992. G. L. c. 151A, § 30, as amended through St. 1991, c. 9, § 2, in relevant part provided:

> "(*a*) [T]he total benefits which an unemployed individual may receive during his benefit year shall be an amount equal to thirty-six percent of his wages in the base period, or an amount equal to thirty times his benefit rate, whichever is less . . . .

> "(*c*) If in the opinion of the commissioner, it is necessary for an unemployed individual to obtain further industrial or vocational training to realize employment, the total benefits which such individual may receive shall be extended by eighteen times the individual's benefit rate, if such individual is attending an industrial or vocational retraining course approved by the commissioner, provided however, that such additional benefits shall be paid to the individual *only when attending such course and only if such individual has exhausted all rights to regular and extended benefits under this chapter and has no rights to benefits or compensation under this chapter or any other state employment compensation law or under any federal law* . . ." (emphasis supplied).

As we read the statute prior to its amendment by St. 1992, c. 118, § 9,[2] training benefits are to be paid only while the individual is attending such course and only after all compensation benefits under State and Federal law have been exhausted. Here, the plaintiff received Federal benefits until December, 1992, that is, for eleven weeks after the "benefit year." Nothing in the pre-1992 statute required that her training begin prior to the close of the benefit year.[3] The regulation relied on by the department, 430 Code Mass. Regs. § 9.07, as set forth in the margin,[4] does, however, re-

---

[2]The 1992 amendment, St. 1992, c. 118, § 9, not here applicable, see § 55 of the act, added the requirement that training benefits be sought no later than the fifteenth week of a claim for unemployment compensation. Thus, our interpretation of the regulation applicable to the prior § 30(*c*) is of limited application.

[3]Compare St. 1956, c. 719, § 6 (in effect prior to St. 1958, c. 437, § 2), which provided that "total benefits which an unemployed individual may receive during his benefit year shall be extended by ten times his benefit rate." At that time, the statute made no reference to Federal benefits.

[4]This regulation, 430 Code Mass. Regs. § 9.07, first appeared in 1986 and provided in relevant part:

> "(1) Extended benefits provided for under M.G.L. c. 151A, s. 30, are payable only while the claimant is in attendance at the training course. If the claimant is not yet collecting extended benefits under M.G.L. c. 151A, s. 30 but finishes training or ceases to attend train-

quire a claimant to begin training prior to the expiration of the statutorily defined benefit year.

Since § 30(c) as then in effect does not limit the commencement of training benefits to a particular period and requires exhaustion of Federal benefits before training benefits can be received, we consider that the regulation should be read, at least as to a person not informed by the department of the benefit year requirement, to allow training benefits to begin during the statutory benefit year or during the period in which such person was receiving Federal benefits if such period extended beyond the benefit year.

We think such an expansive reading of "benefit year" in the regulation should, in any event, be applied to the plaintiff. Her due process claims are based on the undisputed circumstances that she was never informed of the requirement of the regulation and that the written material supplied to her by the department concerning the benefits under § 30 made no mention of the required starting time for training benefits. While we do not reach those constitutional claims, our interpretation of the regulation as applied to the plaintiff is informed by those circumstances, see *Gopen* v. *American Supply Co.*, 10 Mass. App. Ct. 342, 350 (1980), and by paragraph 3 of the regulation itself, see note 4, *supra*, which requires the Commissioner to make reasonable effort to advise claimants of the procedure for applying for training benefits.

The judgment is reversed, and the case is remanded to the District Court in turn to remand the matter to the department to calculate the amount of benefits under § 30(c) to which the plaintiff is entitled for the period during which she was attending the approved course and was not receiving Federal benefits.

*So ordered.*

*Monica Halas* for the plaintiff.

*Salvatore M. Giorlandino*, Assistant Attorney General, for the defendant.

---

ing, the claimant will be entitled to the remaining regular unemployment insurance benefit credit if otherwise eligible. *In order to qualify for extended benefits under M.G.L. c. 151A, s. 30 a claimant must begin training prior to the expiration of the benefit year.* If a claimant is approved to collect extended benefits under M.G.L. c. 151A, s. 30 and the benefit year then expires while the claimant is still attending training and the claimant is not eligible to file a new benefit year claim, the claimant can continue to collect extended benefits under M.G.L. c. 151A, s. 30 beyond the benefit year expiration date . . . ." (Emphasis supplied.)

"(3) The Commissioner shall make reasonable effort to advise claimants periodically of their right to apply for extended benefits under M.G.L. c. 151A, s. 30 and the procedure for applying."